FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2005 NOV 30 PM 2: 14
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SANDY CARRABY | * | NUMBER: 05-6307 |
| Plaintiff | * | SECTION: |
| | * | JUDGE: SECT. I MAG. 5 |
| VERSUS | * | MAG: |
| | * | |
| CITY OF NEW ORLEANS, MAYOR RAY NAGIN, CITY ATTORNEY SHERRY LANDRY, HENRY DILLON III and JOHN DOE | * | |
| | * | |
| Defendants | * | CIVIL RIGHTS ACTION Under 42 USC 1983 and 1988 |
| | * | |
| | * | JURY TRIAL REQUESTED |

**COMPLAINT**

I. **JURISDICTION**

1. This action is brought pursuant to 42 U.S.C. 1983 and 1988. Jurisdiction is based on 28 U.S.C. Section 1331 and 1343 and the First, Fourth, Sixth, Ninth and Fourteenth Amendments to the Constitution of the United States. Pendant jurisdiction over state law claims is invoked.

Fee $250.00
___ Process_____
_X_ Dktd_____
_V_ CtRmDep_____
___ Doc. No._____

1

## II. **PARTY PLAINTIFF**

2. Plaintiff Sandy Carraby is a person of the full age of majority and is a resident of the Eastern District of Louisiana.

## III. **PARTY DEFENDANTS**

3. Defendant City of New Orleans, made a defendant herein, is a political subdivision of the State of Louisiana and a municipal corporation, which was at all relevant times the employer of the defendants Ray Nagin, Sherry Landry, Henry Dillon, III and John Doe and was responsible for the hiring, training, discipline and supervision of defendants Landry, Dillon and John Doe. Defendant City is directly liable for the acts complained of herein due to its policies, practices and customs as set forth herein. Defendant City is also directly and vicariously liable for the actions of defendants as described herein, under state law.

4. Defendant Ray Nagin is the Mayor for the City of New Orleans, an elected official. He is the Chief Executive Officer for the City of New Orleans and is responsible for the policies, practices and customs of the City. He is also responsible for the appointment and hiring of defendant Sherry Landry as City Attorney for the City of New Orleans and on information and belief, he was also responsible for the appointment and hiring of defendant Henry Dillon, III as an assistant City Attorney for the City of New Orleans and defendant John Doe. Mayor Nagin is a resident of the Eastern District of Louisiana. He is sued individually and in his official capacity. At all pertinent times herein he was acting under color of law and in the course and scope of his employment. He is a final policymaker for the City of New Orleans.

2

5. Defendant Sherry Landry is the City Attorney for the City of New Orleans. She is responsible for the policies, practices and customs of the New Orleans City Attorneys Office as well as the hiring, training, supervision, discipline and control of attorneys who work under her supervision, which includes the defendant Henry Dillon, III and John Doe. Ms. Landry is a resident of the Eastern District of Louisiana. She is sued individually and in her official capacity. At all pertinent times herein she was acting under color of law and in the course and scope of her employment. She is a final policymaker for the City of New Orleans relating to the City Attorneys office.

6. Defendant Henry Dillon, III is a person of the full age of majority and a resident of the Eastern District of Louisiana. At all pertinent times herein, he was employed as an attorney with the City of New Orleans, City Attorneys Office, and served as a prosecutor in the City courts. At all pertinent times he was acting in the course and scope of his employment and under color of law. He is sued individually and in his official capacity.

7. Defendant John Doe is a person of the full age of majority and, on information and belief, is a resident of the Eastern District of Louisiana. At all pertinent times herein, he was employed as a supervisor with the City of New Orleans, City Attorney's Office, with supervisory authority over the defendant Dillon, with responsibility for supervision, discipline and training of the defendant Dillon. At all pertinent times herein, he was acting in the course and scope of his employment and under color of law. Defendant Doe is sued individually and in his official capacity.

## IV. **STATEMENT OF FACTS**

8.  On or about July 2, 2004, plaintiff Sandy Carraby, a young adult woman, was arrested in the City of New Orleans, State of Louisiana, by officers of the New Orleans Police Department (NOPD) for charges of being in a public park after hours, lewdness, and simple possession of marijuana. At the time of her arrest, Ms. Carraby was in the company of a young adult male friend, in a parked automobile, on a warm, summer's night, and they were alleged to have been engaged in sexual intercourse. Both Ms. Carraby and her friend were arrested.

9. At her initial appearance in municipal court, Ms. Carraby pled not guilty. A trial date was set for Nov. 30, 2004 in Section A, Municipal Court, City of New Orleans.

10. On Nov. 30, 2004, Ms. Carraby appeared at Municipal Court, for her trial, as summoned. When Ms. Carraby's case was called, she was instructed to go to the back of the courtroom, where there is a hall and an office for the assistant city attorneys who are assigned as city prosecutors for that section of court. Defendant Henry Dillon III was assigned as a city prosecutor in New Orleans Municipal and Traffic Courts and as such, had authority to determine whether or not the charges against Ms. Carraby would be prosecuted, whether the charges would be dismissed or whether she would be offered a plea bargain and if so, the terms of said agreement. He also had authority to make recommendations to the Court regarding any possible sentence should Ms. Carraby be prosecuted and convicted or plead guilty.

11.  Defendant Dillon discussed Ms. Carraby's case with her and informed her that he would be willing to assist her with the charges against her, dependent upon her

willingness to take and pass a drug test. He informed Ms. Carraby that she would have to take the drug test on that same day and she would have to appear at his law office, located on Canal St. In New Orleans, for the drug testing. Arrangements were made for Ms. Carraby to appear for the drug test that afternoon.

12. Around 1 p.m. Ms. Carraby arrived at defendant Dillon's law office for her appointment for the drug test. Mr. Dillon escorted her into a private room in his office, where he began to ask her about herself, her family, and her boyfriend among other questions. While she was in his office, defendant Dillon physically and sexually attacked the plaintiff, and against her will and without her consent, forcibly seized and raped her. That same afternoon, the plaintiff reported the rape and received prompt medical attention, which included treatment for possible sexually transmitted diseases. Physical evidence of the rape was collected from the plaintiff by the NOPD and, on information and belief, subsequent testing confirmed the identity of defendant Henry Dillon III as the source of said physical evidence.

13. On Dec. 1, 2004, defendant Henry Dillon, III was arrested by the NOPD and charged with forcible rape and malfesance, relative to the Nov. 30, 2004 attack on the plaintiff. Those criminal charges remain pending at this time.

14. This is not the first time defendant Dillon has been arrested for forcible rape. On or about Sept 2, 1998, defendant Dillon, then an assistant city attorney assigned as a prosecutor and supervisor in municipal and traffic courts, under the administration of then-Mayor Marc Morial, was arrested by the New Orleans Police Department, (NOPD) for forcible rape. This arrest was widely publicized and well known in the City of New Orleans, particularly after the then-Mayor Morial released the name of the victim to the

press. Defendant Dillon had been a former Orleans Parish assistant district attorney; the then Orleans Parish District Attorney, Harry Connick, recused himself and his office from prosecuting Dillon and referred it to the Attorney General's office, then headed by Attorney General Richard Ieyoub. Following his arrest on this charge, Dillon was suspended from his position as an assistant city attorney.

15. As an assistant city attorney, defendant Dillon was an unclassified employee, serving at the will of the Mayor and under the supervision of the City Attorney. On information and belief, defendant Dillon was a close personal friend and political ally of former Mayor Marc Morial, at whose pleasure he served. Further on information and belief, defendant Dillon had been initially hired by defendant City without undergoing a background investigation, polygraph or psychological evaluation.

16. Defendant Dillon was very active in electoral politics and was associated with various political, electoral and civic organizations, campaigns and individuals, and, on information and belief, used and built upon those political connections to further his own career and position and to insulate himself from supervision and accountability. He was described in the media at the time of his first arrest, as a "political force".

17. The Attorney General's office declined to prosecute defendant Dillon. Following the dismissal by the Attorney General's office of the criminal charge against him, and without having conducted any independent investigation as to the circumstances underlying the arrest, the factual basis for the charge, or other information in the defendant Dillon's background which, if examined, would have revealed the inappropriateness of re-appointing him to his position, former Mayor Marc Morial and defendant City re-instated defendant Dillon to his position as an assistant city

<6/>

press. Defendant Dillon had been a former Orleans Parish assistant district attorney; the then Orleans Parish District Attorney, Harry Connick, recused himself and his office from prosecuting Dillon and referred it to the Attorney General's office, then headed by Attorney General Richard Ieyoub. Following his arrest on this charge, Dillon was suspended from his position as an assistant city attorney.

15. As an assistant city attorney, defendant Dillon was an unclassified employee, serving at the will of the Mayor and under the supervision of the City Attorney. On information and belief, defendant Dillon was a close personal friend and political ally of former Mayor Marc Morial, at whose pleasure he served. Further on information and belief, defendant Dillon had been initially hired by defendant City without undergoing a background investigation, polygraph or psychological evaluation.

16. Defendant Dillon was very active in electoral politics and was associated with various political, electoral and civic organizations, campaigns and individuals, and, on information and belief, used and built upon those political connections to further his own career and position and to insulate himself from supervision and accountability. He was described in the media at the time of his first arrest, as a "political force".

17. The Attorney General's office declined to prosecute defendant Dillon. Following the dismissal by the Attorney General's office of the criminal charge against him, and without having conducted any independent investigation as to the circumstances underlying the arrest, the factual basis for the charge, or other information in the defendant Dillon's background which, if examined, would have revealed the inappropriateness of re-appointing him to his position, former Mayor Marc Morial and defendant City re-instated defendant Dillon to his position as an assistant city

attorney. On information and belief, defendant Dillon was not required to submit to a polygraph, psychological evaluation or background investigation prior to his re-appointment. Further, on information and belief, defendant Dillon was not required to submit to any training, supervision, monitoring, or discipline as a result of this incident

18. Following the election of Ray Nagin as Mayor of the City of New Orleans, defendant Sherry Landry was appointed as City Attorney and defendant Dillon was hired by the City of New Orleans as an assistant City Attorney, assigned as a prosecutor to Municipal and Traffic Courts, under the Nagin administration. As under the previous administration, defendant Dillon's position was unclassified and the appointment was at the pleasure of the Mayor. Defendants City of New Orleans, Nagin, Landry and John Doe knew, must have known or should have known that defendant Dillon had been arrested for rape while serving as an assistant city attorney during the Morial administration and that he was re-appointed to his position after the criminal charge was dismissed. Those defendants also knew, should have known or must have know that there was no independent or adequate investigation of the 1998 rape charge or other background information, polygraph or psychological evaluation prior to defendant Dillon being re-hired by the Morial administration after the decision was made not to criminally prosecute.

19. On information and belief, defendants City, Nagin and Landry failed to conduct any investigation into defendant Dillon's background or the circumstances involving the 1998 arrest for forcible rape prior to hiring him. Defendant Dillon was not required to submit to a polygraph or psychological evaluation; he was not required to go through any additional training or supervision. Instead, he was permitted to function as a

prosecutor, in municipal and traffic courts and continued in this position until he was fired as a result of his second forcible rape arrest. As a city prosecutor, defendant Dillon was entrusted with enormous power over those appearing before him, a fact which was also known to the defendants.

20. On information and belief, in addition to the plaintiff, there are other women who were involved in proceedings in municipal or traffic court who fell victim to defendant Dillon's sexual harassment and use of his prosecutorial authority to prey upon women sexually. On information and belief, defendant Dillon interfered with and prevented these women, including plaintiff, from exercising their rights to a fair trial by conditioning, requiring or forcing the women to engage in sexual activity with defendant Dillon while under threat of prosecution. These incidents were known, must have been known, or should have been known to the defendants, yet no actions were taken to counsel, control, prevent or prohibit defendant Dillon from engaging in these practices.

21. In addition to the 1998 forcible rape arrest, on information and belief, defendant Dillon has also been the subject of numerous complaints and incidents involving sexual misconduct, both verbal and physical, for many years prior to the attack on the plaintiff herein. The defendants City, Nagin, Landry and John Doe knew, must have known or should have known, of these complaints and/or incidents and failed to take appropriate action or deliberately chose "not to know" so as to avoid having to take any action.

22. It was also well-known that defendant Dillon frequently conducted himself in a manner which involved the use of derogatory and vulgar sexual commentary and innuendo in an inappropriate and unprofessional manner in workplace settings, directed

to and about women. Defendant Dillon's obsession with sexual matters, and his demeaning and vulgar attitudes and conduct towards women was known, must have been known or should have been known, to the defendants City, Nagin, Landry, and John Doe, yet these defendants failed to take any action to train, supervise, monitor or discipline defendant Dillon for his conduct.

23. The defendant Dillon was permitted to maintain a private law practice, in addition to his position as an assistant City Attorney. Although the defendants City, Nagin, Landry and John Doe knew that there were serious risks involving potential misuse of authority, ethical issues and conflicts of interest to permit assistant city attorneys, particularly those assigned as city prosecutors, to maintain private law practices, those defendants permitted defendant Dillon to do so, without any supervision, monitoring or accountability for that practice.

24. The defendants knew, must have known or should have know of defendant Dillon's attitudes towards women, of his prior arrest for forcible rape and of other incidents and complaints relating to defendant Dillon involving his attitudes and relationships towards women, and prior acts of misconduct, and/or mistreatment of women, yet failed to take appropriate action to properly supervise, monitor and/or discipline defendant Dillon.

V. **CAUSES OF ACTION**

25. Plaintiff re-alleges paragraphs 1-24.

26. The actions of the defendants, as described herein, violated the rights of plaintiff protected under the First, Fourth, Sixth, Ninth and Fourteenth Amendments to

the United States Constitution, through 42 USC 1983, guaranteeing the right to privacy, the right to be free from sexual assault, the right to bodily integrity, the right to be free from unreasonable search and seizure, the right to be free from excessive force, the right to liberty, the right to due process of law and the privileges and immunities guaranteed by law.

27. The actions of the defendants City of New Orleans, Ray Nagin and Sherry Landry, in improperly hiring and of those defendants, as well as defendant John Doe, in failing to properly supervise, discipline or otherwise intervene in the activities of defendant Dillon as described herein and failing to act to prevent said abuse, despite having the opportunity and duty to do so, violated the rights of plaintiff guaranteed under the First, Fourth, Sixth, Ninth and Fourteenth Amendments to the United States Constitution, as more fully described herein, all in violation of 42 U.S.C. 1983.

28. The defendants City of New Orleans, Nagin, and Landry for the City of New Orleans, developed and maintained policies, customs and practices which exhibit deliberate indifference to the constitutional rights of individuals in the City of New Orleans, which caused the violation of plaintiff's rights as described herein and the resultant damages suffered by plaintiff. These policies, customs and practices include the following:

1. Failing to properly screen before hiring and failing to properly supervise, discipline, train and/or monitor the conduct of attorneys hired by the City, in particular those assigned to municipal and traffic courts as prosecutors, including the defendant Dillon.

2. Failing to adequately or properly investigate complaints or incidents

of alleged misconduct or to adequately or properly conduct investigations of attorneys hired by the City, especially those hired as prosecutors, who were suspected of misconduct and instead tolerating the misconduct and mistreatment of citizens, including the actions of defendant Dillon.

3. Failing to conduct appropriate in-service training, re-training, supervising and monitoring of attorneys hired by the City who are known or suspected to have engaged in misconduct, especially those involved in or suspected of involvement in sexual harassment or misconduct involving sexual matters.

4. Failing to conduct any audits or reviews of the behavior and conduct of attorneys hired by the City who are assigned as prosecutors in municipal and traffic court, in order to insure that their conduct is ethical, appropriate and carried out with integrity.

5. Failing to institute and implement a policy and practice of protecting citizens against sexual harassment and sexual misconduct by attorneys employed by the City, especially those working as prosecutors in municipal or traffic courts.

6. Failing to conduct a proper and adequate background investigation of defendant Dillon prior to hiring him as an assistant city attorney especially given his prior arrest for forcible rape and other incidents and/or complaints involving his sexual misconduct and his expressed attitudes about women.

  7. Failing to properly train, supervise, and monitor the defendant Dillon, especially given his prior arrest for forcible rape and other incidents and/or complaints involving his sexual misconduct, abuse of prosecutorial authority and expressed attitudes about women.

  29. As a result of the above described policies, practices and customs, the defendants City, Nagin, Landry and Doe conveyed to defendant Dillon the reasonable belief that his activities would not be properly monitored or sanctioned and that his misconduct towards the plaintiff and other women would not be subject to meaningful discipline or correction, but would instead be tolerated and condoned.

  30. The actions of the defendants as described herein were done, individually and in concert with each other, and constituted deliberate indifference towards the rights of citizens, including but not limited to plaintiff's rights as set forth herein, and especially towards those citizens, who, like plaintiff herein, were subject, under color of law, to appear before and to interact with the defendant Dillon. In addition, the defendant Dillon acted maliciously, willfully, wantonly, and in reckless disregard of plaintiff's rights.

  31. The acts of the defendants as described herein were also done in violation of Louisiana statutory and constitutional law and constituted battery, false imprisonment, intentional infliction of emotional distress, abuse of prosecutorial authority and violations of plaintiff's rights to privacy, right to be free from sexual assault, the right to bodily integrity, the right to be free from unreasonable search and seizure, the right to be free from excessive force, the right to liberty, the right to due process of law, the right to a fair trial and the privileges and immunities guaranteed by law.

  32. The acts and omissions of the defendants were negligent, grossly

negligent and/or intentional, in violation of state law.

33. The defendants City of New Orleans, Nagin and Landry negligently or grossly negligently hired, retained and entrusted defendant Dillon to be a city attorney, assigned as a city prosecutor, in violation of Louisiana law.

34. The defendants City of New Orleans, Nagin, Landry and John Doe, negligently or grossly negligently, supervised, trained and disciplined defendant Dillon in violation of Louisiana law.

35. The acts of the defendants alleged herein were within the course and scope of their employment by the City of New Orleans and the City is vicariously liable for their acts and omissions in accordance with Louisiana law.

36. The defendants are jointly and severally liable for the wrongs complained of herein, either by virtue of direct participation or by virtue of encouraging, aiding, abetting, committing, and/or condoning or ratifying the commission of the above described acts and/or omissions.

37. The actions of the defendants as described herein, were the proximate cause of the damages suffered by plaintiff.

## VI. **DAMAGES**

38. As a result of the actions of the defendants as described above, the plaintiff has incurred damages as follows:

   1. Physical injury, pain and suffering, medical expenses, lost wages, severe and permanent emotional and mental distress and suffering, embarrassment, and inconvenience, past, present and future, and other

2.  Punitive damages are sought against defendant Dillon for his malicious, wilful and wanton acts as described herein.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that after due proceedings, that judgment be issued in her behalf and against all defendants, as prayed for herein, as follows:

1.  Compensatory and punitive damages on behalf of plaintiff.
2.  That plaintiff be awarded reasonable attorneys fees and all costs of these proceedings.
3.  That interest be awarded from the date of judicial demand.
4.  That this matter be tried by a jury.
5.  All other relief that this Court deems just and proper.

Respectfully submitted,

_____
MARY E. HOWELL, LSBA #7030
P. O. Box 702
Malden, Missouri
(573) 276 2386
(Temporary Address and Phone)
Attorney for Plaintiff

**§JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

05-6307
SECT. I MAG. 5

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Sandy Carraby

### DEFENDANTS
City of New Orleans, Mayor Ray Nagin, City Attorney Sherry Landry, Henry Dillon III and John Doe

**(b)** County of Residence of First Listed Plaintiff: Orleans
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Orleans
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Mary E. Howell, P.O. Box 702, Malden, Mo. 63863; 573 276 2386

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights / ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 1983; 1st, 4th, 9th and 14th Amendments, U.S. Constitution

Brief description of cause:
civil rights violation; sexual assault

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 11/29/2005

SIGNATURE OF ATTORNEY OF RECORD: /s/ E. Howell

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____